**Opinion issued March 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00090-CR**

————————————

**IN RE KRISTINA SCHWEYER, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Kristina Schweyer, pro se, filed a document titled, "Writ of Prohibition and Criminal Reversal" arguing that a "[W]rit of Mandamus is required to lift the Writ of Error documented on the Habeas Corpus."[1] Relator also argues on behalf of the City of Houston, alleging that "the trial court did not comply with the

---

[1] The underlying case is *The State of Texas v. Kristina Schweyer*, Cause No. 21371130101A, in the County Criminal Court at Law, No. 15 of Harris County, Texas, the Honorable Tonya Jones presiding.

45-day deadline . . . [set for ruling on a Rule 91a motion] . . . and its failure to do so was error." She argues it was "an abuse of discretion to allow discovery while ignoring a jurisdictional challenge" and that the City lacks an "adequate remedy at law because without a ruling by the trial court, [Relator] will not be able to avail herself of her statutory right to an interlocutory appeal without the right to effective counsel and multiple Miranda Warnings that were issued."[2] Relator also filed a document titled, "Judgment of Reversal."

It is difficult to ascertain the remedies Relator seeks in her various filings. Relator's filings also fail to comply with the Texas Rules of Appellate Procedure. There are no orders attached to any of the filed documents from which Relator purportedly seeks mandamus relief and no sworn record accompanies any of the filings. Relator's petition is thus deficient. *See* TEX. R. APP. P. 52.3 (a)-(i), (j) (requiring inclusion of certification that petition is supported by competent evidence), (k) (requiring inclusion of certified or sworn copies of challenged orders),

---

[2] On November 21, 2024, in appellate case number 01-24-00858-CR, this Court issued an opinion denying Relator's prior petitions. *In re Schweyer*, No. 01-24-00858-CR, 2024 WL 4846847 (Tex. App.—Houston [1st Dist.] Nov. 21, 2024, orig. proceeding) (mem. op., not designated for publication). In the instant petition, Relator argues the "November 21[,] 2024 . . . opinion itself violates the [W]rit and violates [her] [W]rit of Certiorari against further violations of [her] civil rights." To the extent Relator seeks a rehearing of the November 21, 2024 opinion, we denied Relator's motion for rehearing of that opinion on December 31, 2024, and no longer possess jurisdiction to revisit the matter. *See* TEX. R. APP. P. 19.1.

52.7(a)(1) (requiring inclusion of sworn record); *In re Harrison*, No. 01-21-00531-CR, 2021 WL 4898073, at \*1 (Tex. App.—Houston [1st Dist.] Oct. 21, 2021, orig. proceeding) (mem. op., not designated for publication) (denying petition for writ of mandamus for failure to comply with Texas Rules of Appellate Procedure); *In re State ex rel. Glaser*, No. 06-20-00095-CR, 2020 WL 5163594, at \*1 (Tex. App.—Texarkana Sept. 1, 2020, orig. proceeding) (mem. op., not designated for publication) ("We may deny a petition for a writ of mandamus for an inadequate record alone.").

We deny Relator's petition. TEX. R. APP. P. 52.8(a). All pending motions are denied as moot.

## PER CURIAM

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).